**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**LAW OFFICES OF KEVIN J. DOLLEY, LLC**
Kevin J. Dolley (*Pro Hac Vice to be filed)*
*kevin@dolleylaw.com*
Jason M. Finkes (*Pro Hac Vice to be filed)*
*jason.finkes@dolleylaw.com*
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314)645-4100 (office)
(314)736-6216 (fax)

*Counsel for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA M. BANKS, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>            v.<br><br>PYRAMID CONSULTING, INC.,<br><br>    Defendant. | Case No.: **'18 CV 0078 H     JLB**<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

1    COMES NOW Plaintiff Sabrina M. Banks ("Plaintiff" or "Banks"), by and through
2    undersigned counsel, and for her Complaint against Defendant Pyramid Consulting, Inc.
3    ("Pyramid" or "Defendant"), states as follows:

## JURISDICTION AND VENUE

4

5    1.    The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), authorizes
6    court actions by private parties to recover damages for violation of wage and hour provisions
7    contained within the FLSA.  Jurisdiction of this Court is proper pursuant to 29 U.S.C. § 216(b)
8    and 28 U.S.C. § 1331.

9    2.    Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial
10   part of the events or omissions giving rise to the claim occurred in this District in that
11   Defendant hired, controlled, and compensated employees, including Plaintiff at her work
12   location in San Diego, California.

13   3.    Banks is a citizen of the United States who was employed by Pyramid pursuant
14   to a "Consultant Agreement" (*i.e*., as a "Consultant") from July 10, 2013 to July 8, 2016.
15   Plaintiff and those similarly situated are individual workers engaged in commerce or in the
16   production of goods for commerce.

17   4.    Pyramid is a corporation based in Alpharetta, Georgia and works with large
18   enterprises and fast-growing small- or medium-sized businesses to provide Information
19   Technology Staffing and Enterprise Solutions.

20   5.    Pyramid is an enterprise engaged in commerce or in the production of goods for
21   commerce within the meaning of 29 U.S.C. § 203(s) in that Defendant had, at all relevant
22   times, two (2) or more employees handling, selling, or otherwise working on goods or
23   materials that have been moved in, or produced for, interstate commerce and Defendant had
24   annual gross volume of sales made or business conducted of at least five hundred thousand
25   dollars ($500,000.00).

26   6.    Pyramid is an "employer" of Plaintiff and all similarly situated individuals
27   within the meaning of 29 U.S.C. § 203(d), as it operates, controls and manages its employees
28   and possesses power to hire and fire, supervises and controls work schedules or conditions of

1

1  employment, determines rates and methods of payment, and maintains employment records.

2  **PARTIES**

3       7.     Pyramid hired Plaintiff Banks as a Consultant at an hourly rate of $40 per hour

4  on June 24, 2013. Plaintiff worked at or around this hourly rate through approximately July

5  8, 2016.

6       8.     The terms of employment with Pyramid were most commonly specified in

7  Pyramid's form Consultant Agreements and relevant form attachments such as Defendant's

8  uniform work orders. The documents refer to Plaintiff and others similarly situated as

9  "Consultant[s]."

10      9.      Plaintiff similarly hired the following Consultants who provide consent to join

11 in this Complaint:

12          a.    Thomas Brown ("Brown"), at an hourly rate of $35 per hour on May 9,

13                2013. Brown worked at or around this hourly rate through approximately

14                December 21, 2014;

15          b.    Samuel Lewis ("Lewis"), at an hourly rate of $30 per hour on August 13,

16                2013. Lewis worked at or around this hourly rate through approximately

17                April 6, 2014;

18          c.    Mose Long, Jr. ("Long"), at an hourly rate of $45 per hour on March 5,

19                2014. Long worked at or around this hourly rate through approximately

20                September 21, 2014;

21          d.    Lystra Soogrim-Belvey ("Soogrim-Belvey"), at an hourly rate of $40 per

22                hour on September 9, 2015. Soogrim-Belvey worked at or around this

23                hourly rate through approximately March 13, 2016;

24          e.    Julian Votraw ("Votraw"), at an hourly rate of $39 per hour on January

25                30, 2014. Votraw worked at or around this hourly rate through

26                approximately February 21, 2016; and

27          f.    Randy Wooding ("Wooding"), at an hourly rate of $39 per hour on May

28                22, 2014. Wooding worked at or around this hourly rate through

2

1    approximately April 24, 2016.

2  Consent forms for Banks and these individuals ("Opt-in Plaintiffs") are attached hereto as

3  Exhibit A.

4    10.    Under the terms of the form employment contracts and work order attachments,

5  Plaintiff's primary duties as a Consultant were to perform work for Defendant and

6  Defendant's specified client(s) ("Client(s)") as set forth in the applicable work orders.

7    **TELECOMMUNICATIONS CLIENTS AND CONSULTANT JOB DUTIES**

8    11.    Defendant's Clients include telecommunications companies, such as AT&T

9  Services, Inc. ("AT&T") and Verizon Corporate Services Group Inc. ("Verizon").

10  Defendant's Telecommunications Clients routinely sought contract labor through Defendant

11  for individuals to perform non-exempt work at hourly rates with payroll, timekeeping, and

12  recordkeeping functions to be performed and monitored by Defendant.

13    12.    To compete for business with telecommunications Clients, Defendant routinely

14  and frequently underbilled such Clients for hours worked by its Consultants, affirmatively

15  instructed its Consultants and its own supervisory employees to do the same, discouraged

16  recording of overtime or accurate tracking of hours worked, and/or turned a blind eye to the

17  falsification and underreporting of Consultant hours worked.

18    13.    To compete for business with telecommunications Clients, Defendant routinely

19  and frequently offered to engage in a rate-splitting scheme, splitting pay rates for hours

20  worked by its Consultants into a taxable and non-taxable portion, without regards to whether

21  such split was lawful or proper (*e.g.*, lawfully reimbursable or properly excluded or

22  excludable from the regular rate of pay).

23    14.    Plaintiff performed work for Defendant as a Consultant for Defendant's Client,

24  AT&T, under AT&T's provided job title "Project Manager," assigned to AT&T's 337 Trade

25  Street, San Diego, California facility location.

26    15.    Plaintiff's job duties at AT&T included routine office work related to scheduling

27  and achieving project goals by coordinating between departments and teams as part of

28  assigned projects related to the construction and/or maintenance of cellphone sites.

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT

16.     Similarly situated Consultants performed work as directed by their form contracts with Defendant for Defendant's specified Clients at the Clients' designated addresses, related to telecommunications networks, including, *inter alia*:

    a.    Brown worked for Defendant's Client, AT&T, under the job title "Program Manager";

    b.    Lewis worked for Defendant's Client, AT&T, under the job title "Project Manager";

    c.    Long worked for Defendant's Client, AT&T, under the job title "Project Manager";

    d.    Soogrim-Belvey worked for Defendant's Client, AT&T, under the job title "Site Build Out Administration";

    e.    Votraw worked for Defendant's Client, AT&T, under the job title "Project Manager"; and

    f.    Wooding worked for Defendant's Clients, AT&T and AT&T Tech Mahindra, under the job title "Test Architect."

17.     Plaintiff and similarly situated Consultants, regardless of job title with Defendant's Clients, primarily engaged in routine office work related to scheduling and achieving project goals by coordinating between departments and teams as part of assigned projects related to the construction and/or maintenance of cellphone sites, were compensated at an hourly rate, and no exemptions under the FLSA applies. *See* 29 U.S.C. § 213(a); 29 C.F.R. § 541.

18.     In many – if not all – instances, Defendant's Consultants and/or Clients explicitly informed Defendant not only that the Client's positions did not require sophisticated technical, programming, or computer skills, but also that they had been hired despite lacking any such technical skills, further indicating that the computer-employee exemption (*i.e.*, 29 U.S.C. § 213(a)(17), was inapplicable to the work performed by these Consultants.

19.     Plaintiff and those similarly situated Consultants were at all material times non-

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT

1 exempt employees of Defendant, and were classified and paid by Defendant as non-exempt
2 employees, for purposes of the payment of overtime wages and the recordkeeping
3 requirements under the FLSA, and no exemption applies.

**FAILURE TO MAINTAIN PROPER WAGE AND HOUR RECORDS**

5 20.    Defendant refused and failed to pay Consultants for all hours worked for
6 Defendant.

7 21.    Defendant refused to pay Consultants for hours worked for Defendant that were
8 not authorized by its Clients to be billed to Defendant's Clients.

9 22.    Defendant failed to maintain accurate wage and hour records, in that no effort
10 was made to ensure or document that employees worked or adhered to a fixed daily and/or
11 weekly schedule. *See* 29 C.F.R. § 516; *see also* US. Dept. of Labor, Field Operations
12 Handbook § 30a02 (Last Rev. 11/17/2016).

13 23.    Defendant was or should have been aware that Plaintiff and similarly situated
14 Consultants were routinely instructed by Defendant's supervisory employees and/or Clients
15 to record no more than eight (8) hours in a day, record no more than forty (40) hours in a
16 workweek, that the recording of overtime must be either pre-approved or was prohibited,
17 discouraged Consultants from recording overtime, instituted a no overtime policy, and that
18 all assigned tasks must be completed within Client-specified timeframes and deadlines, such
19 that often times, Client- and Consultant-recorded time did not accurately or fully reflect the
20 actual hours worked by Consultants for Defendant, work which routinely exceeded forty (40)
21 hours in a week.

22 24.    Defendant's uniform work orders further indicated a policy of splitting
23 compensation between the taxable hourly or monthly wages at the "Consultant's Rate" and
24 the non-taxable per diem wage/rate, which would revert to taxable income after the first
25 twelve (12) months.

26 25.    The "Consultant's Rate" is an hourly or monthly pay rate calculated based on
27 exclusion of a "tax free" amount (*i.e.*, "per diem" payment) from the total weekly amount of
28 compensation paid to Consultants.

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT

26.     The "Consultant's Rate" is an hourly or monthly pay rate which is less than the regular rate agreed upon between Defendant and its Consultants.

27.     Defendant based its payment of overtime compensation to Plaintiff and other similarly situated Consultants on the Consultant's Rates alone—not on the lawful regular rate— resulting in lower overtime rates and wages paid to Consultants for hours worked in excess of forty (40) in any given workweek.

28.     For example, in the case of Plaintiff, Plaintiff's $40 per hour rate of compensation was split into a $28 per hour "Consultant's Rate," and the remainder of $12 per hour was paid at a "per diem" payment/rate.

29.     Defendant paid Plaintiff overtime at a time-and-a-half rate based on the $28 per hour "Consultant's Rate"—not the lawful regular rate, (*i.e.*, $40 per hour).

30.     Relevant provisions of the FLSA (*i.e.*, 29 U.S.C. § 207(e)(2)) permit deduction from the regular rate and payment of overtime premiums of "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer."

31.     While the FLSA permits deduction of reimbursed expenses reasonably related to employment pursuant to 29 U.S.C. § 207(e)(2), the "per diem" payments to Plaintiff and other similarly situated Consultants were not reimbursements for expenses incurred by said individuals, but rather part of the total weekly or monthly compensation paid to them for their work performed and services rendered.

32.     Alternatively, Defendant did not possess adequate plans, policies, or practices of requesting or maintaining documentation of such expenses, any such alleged expenses were not incurred in the furtherance of Defendant's interests, and such expenses were not properly reimbursable by the Defendant, in that the purported expenses reimbursed actually constituted compensation for work performed and services rendered—not for actual expenses incurred. *See* 29 C.F.R. § 778.217.

33.     Paragraph 9 of Plaintiff's form Consultant Agreement provides, in relevant part:

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT

1    [Pyramid] will not pay for Consultant's travel expenses, living expenses, entertainment

2    expense or any other costs. If Client agrees to pay such expenses in accordance with

3    industry practice, Consultant may send such client-authorized expenses statements to

4    [Pyramid] and the amount shall be reimbursed to the Consultant. [Pyramid] will

5    provide no training, tools, equipment or other materials to Consultant. Neither

6    [Pyramid] nor Client will provide formal training or compensate Consultant for any

7    time expended in formal training.

8        34.    Further, by way of a confidentiality clause in its form contracts and form work

9    orders, Defendant actively sought, and continues to seek, to conceal its unlawful Consultant

10   pay structure and practices.

11       35.    At all times relevant herein, Defendant was under a duty to comply with all

12   federal, state and local laws regarding payment for hours worked, contractually agreed to

13   comply with all such laws, and classified Plaintiff and those similarly situated as non-exempt

14   hourly employees of Defendant at all relevant times.

15       36.    The net effect of the payroll and timekeeping policies and practices maintained

16   and administered by Defendant, instituted and approved by management, is that Defendant

17   failed to pay Plaintiff and other similarly situated hourly, non-exempt Consultants overtime

18   compensation for all hours worked in excess of forty (40) per work week.

19   **<u>DEFENDANT'S HISTORY OF FAILURE TO COMPLY WITH THE LAW</u>**

20       37.    The above-described violations were knowing and willful, in that Defendant

21   failed to maintain accurate records, sought to conceal the violations rather than remedy them,

22   and repeatedly refused to take the necessary steps to fully remedy and correct the issues,

23   despite prior warnings and instructions to do so by the United States Department of Labor.

24       38.    Prior to the hire of Plaintiff and those Consultants similarly situated, the U.S.

25   Department of Labor Wage and Hour Division had conducted an investigation of Defendant

26   from August 22, 2011 through December 8, 2011, Case ID: 1628371 ("DOL Investigation").

27       39.    The Narrative Report for the DOL Investigation indicates the following:

28       a.    Defendant was an Enterprise engaged in Interstate Commerce with gross

7

revenue in excess of $500,000;

b.    Defendant had failed to pay overtime to individuals employed by Defendant to work under an AT&T contract in violation of 29 U.S.C. § 207;

c.    Defendant had failed to maintain accurate payroll records and record hours worked for all of its non-exempt employees in violation of 29 U.S.C. § 211;

d.    A telephone conference was held between the US DOL Wage and Hour Investigator and Defendant's Director of Human Resources, Anoop Sinha, on November 28, 2011;

e.    During this call, a considerable amount of time was spent discussing the concept of joint employment and exemption criterion under 29 U.S.C. § 213(a)(1) and (17);

f.    Defendant agreed to pay close attention to primary job duties in the future rather than assume that its client companies were correct in designation of exemption status;

g.    Defendant agreed to review FLSA exemption criteria;

h.    Defendant was specifically instructed to review the U.S. DOL Wage and Hour Division Field Operations Handbook;

i.    As part of the investigation, Defendant was provided copy of U.S. DOL Regulations 29 C.F.R. §§ 516, 541, and 780; and

j.    The US DOL Wage and Hour Investigator further advised Defendant that if any additional evidence was brought to light regarding overtime hours worked by any non-exempt employee, that a subsequent investigation would likely be opened.

40.    As a result of the DOL Investigation (which occurred prior to the performance of work for Defendant by Plaintiff and those similarly situated), Defendant was apprised of its obligations, independent of its Clients, to, *inter alia,* maintain accurate time records,

8

1   determine applicability of FLSA exemptions, apprise itself of and adhere to applicable US

2   DOL regulations and guidance materials, and ensure overtime premium pay was properly

3   calculated and paid to all non-exempt employees.

4         41.   As a result of this U.S. Department of Labor Wage and Hour Division

5   investigation into Defendant's recordkeeping and pay practices, Defendant was aware that its

6   Clients, such as AT&T, routinely refused and/or failed to take responsibility for maintenance

7   of accurate records of hours worked and pay received, and routinely contracted for Defendant

8   to maintain hourly work records and/or indemnify wage and hour violations based on such

9   failure to maintain accurate records of hours worked for its Clients.

10        42.   As a result of this U.S. Department of Labor Wage and Hour Division

11   investigation into Defendant's recordkeeping and pay practices, Defendant acknowledged

12   and understood its independent obligation under the FLSA to maintain accurate timekeeping

13   records for all employees (and pay them based on the same) and ensure proper classification

14   of all consultants, including but not limited to those performing work for AT&T.

15        43.   Certain of the Opt-in Plaintiffs consented in writing to previously be a part of

16   *Getchman v. Pyramid Consulting, Inc.*, Case No. 4:16-CV-1208-CDP (E.D. Mo.) and this

17   action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached hereto

18   as Exhibit A.

19        44.   Equitable tolling as to the claims of Plaintiff Banks and those Opt-in Plaintiffs

20   contemporaneously filing consent forms is appropriate and has been granted in part by the

21   U.S. District Court for the Eastern District of Missouri in the matter of *Getchman v. Pyramid*

22   *Consulting Inc.,* Case No. 4:16-CV-1208-CDP, ECF No. 96 (E.D. Mo. Dec. 8, 2017) to

23   permit them to pursue their claims individually or collectively following dismissal without

24   prejudice. A copy of this Court Order is attached as Exhibit B.

**COLLECTIVE ACTION ALLEGATIONS**

26        45.   Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. §

27   216(b) on behalf of all those who file a consent to join form with the Court.

28        46.   Plaintiff, Opt-in Plaintiffs, and potential opt-in plaintiffs are similarly situated in

that they are non-exempt employees subject to Defendant's common plan or practice of adhering to a knowingly deficient timekeeping and payroll system which unlawfully denied them proper overtime pay.

47.    Plaintiff and other similarly situated employees routinely worked more than forty (40) hours within a work week without receiving overtime pay of time-and-a-half for all hours worked in excess of forty (40) per work week.

48.    Defendant failed to maintain accurate records of hours worked beyond forty (40) in a workweek or ensure that work desired not to be performed was not actually performed, thereby undercompensating for all hours worked beyond forty (40) in a workweek.

49.    Defendant calculated and paid overtime utilizing the Consultant's Rate as the regular rate, excluding remuneration for employment labeled as "per diem" that did not qualify for the exemption of 29 U.S.C. § 207(e)(2).

50.    Plaintiff, individually and on behalf of other similarly situated individuals, seeks relief on a collective basis challenging Defendant's policy of paying overtime hours in a manner that does not include overtime compensation for all hours worked in excess of forty (40) per workweek by its employees and failing to create and maintain accurate records of all hours worked.

51.    Plaintiff, individually and on behalf of other similarly situated hourly employees of Defendant, seeks relief on a collective basis challenging Defendant's calculation of overtime based upon improperly and inaccurately documented hours worked thereby denying hourly employees of overtime pay equal to one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek during at least one (1) workweek over the past three (3) years plus applicable periods of equitable tolling.

52.    Plaintiff, individually and on behalf of other similarly situated hourly employees of Defendant, seeks relief on a collective basis challenging Defendant's calculation of overtime at a "Consultant Rate" rather than the lawful regular rate, based upon improperly and inaccurately documented pay for hours worked thereby denying hourly employees of overtime pay equal to one-and-one-half times their regular rate of pay for all hours worked

10

1   in excess of forty (40) per workweek during at least one (1) workweek over the past three (3)
2   years plus applicable periods of equitable tolling.

3        53.    Defendant failed to make, record, or conduct independent assessment of the day-
4   to-day job activities and hours worked of Plaintiff and those similarly situated, despite
5   knowledge of the requirement to do so.

6        54.    Through uniform form contracts and work orders, Defendant maintained records
7   of Plaintiff's hours worked and pay received and possessed control over Plaintiff's hours,
8   requiring Plaintiff—by virtue of Defendant's form contract—to work all hours required by
9   Defendant's Clients.

10       55.    Other similarly situated Consultants have their wage and hour records
11  maintained by Defendant and were required to work all hours specified by Defendant's
12  Clients.

13       56.    Specifically, Defendant instructed Consultants to work as much as each Client
14  asked, so as to meet each Client's project deadlines and timeframes.

15       57.    Defendant contractually agreed with its telecommunications Clients, including
16  but not limited to AT&T and Verizon, to maintain, monitor, and ensure the accuracy of wage
17  and hour records for Plaintiff and similarly situated non-exempt Consultants paid on an
18  hourly basis and indemnify those Clients for any damages stemming from deficiencies in
19  those records.

20       58.    Defendant reviewed time records only on a bi-weekly or semi-monthly basis, in
21  abdication of its duty to remain apprised of its employees' work to ensure that work not
22  desired to be performed on behalf of Defendant was in fact not performed. *See* 29 C.F.R. §
23  785.13.

24       59.    Defendant billed its Clients on a per-hour basis for only the hourly work
25  recorded by its Clients and/or Plaintiff and similarly situated Consultant employees pursuant
26  to Defendant's and/or the Client's instructions and requirements, not for all hours work by its
27  Consultants.

28       60.    Based on its statements, actions and omissions, Defendant knowingly and

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT

1  willfully sought to avoid paying Plaintiff and similarly situated Consultants all wages owed
2  at the appropriately calculated overtime rate, including all overtime remuneration (including
3  the taxable portion).

4     61.     Based on its statements, actions and omissions, Defendant knowingly and
5  willfully sought to actively conceal its violations and to continue to unlawfully pay its
6  employees in violation of the FLSA.

7     62.     Defendant failed to post notice of FLSA rights and misinformed employees as
8  to their rights, thereby justifying equitable tolling of the statute of limitations.

9                       **FIRST CAUSE OF ACTION**
10          **FAILURE TO PAY OVERTIME COMPENSATION**
11                   **IN VIOLATION OF THE FLSA**

12     63.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

13     64.     At all times material herein, Plaintiff and those similarly situated were entitled
14  to the rights, protections, and benefits provided under the FLSA.

15     65.     The FLSA requires employers to pay non-exempt employees one and one-half
16  times the regular rate of pay at which they are employed for all hours worked over forty per
17  work week. 29 U.S.C. § 207.

18     66.     Defendant failed to pay Plaintiff and those similarly situated overtime
19  compensation at the statutorily prescribed rate of one-and-one-half times the regular rate of
20  pay for all hours worked in excess of forty (40) per work week.

21     67.     Defendant violated the FLSA by failing to keep accurate records of all wages
22  paid and adjustments to those wages, including bonuses, deductions, and other facilities
23  worked by Plaintiff and those similarly situated.

24     68.     During the scope of her employment, Plaintiff and those similarly situated were
25  not properly paid overtime for hours worked in excess of forty per work week at a rate of
26  one-and-one-half times the regular rate of pay.

27     69.     Plaintiff and those similarly situated are owed liquidated damages as a result of
28  not being properly paid overtime. No good faith or objectively reasonable basis exists for

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT

1    Defendant's violations of the FLSA.

2        70.    Defendant knew or should have known that Plaintiff and those similarly situated

3    were non-exempt employees who worked unpaid overtime and knowingly and willfully

4    violated the FLSA by failing to pay overtime compensation.

5        71.    Defendant failed to post notice of FLSA rights and misinformed employees as

6    to their rights justifying equitable tolling of the statute of limitations.

7        WHEREFORE Plaintiff Sabrina Banks respectfully seeks relief and judgment against

8    Defendant, individually and collectively, as follows: (1) judgment against Defendant for

9    violation of the overtime wage requirements of the FLSA; (2) an Order certifying the

10   collective action class of Opt-in Plaintiffs as similarly situated; (3) an award of unpaid

11   overtime wages; (4) determination that Defendant's FLSA violations were willful; (5)

12   imposition of liquidated damages against Defendant; (6) pre-judgment and post-judgment

13   interest as provided by law; (7) incentive awards for participating opt-ins;  (8) an award of

14   reasonable attorneys' fees and litigation and court costs incurred; and such other and further

15   relief as the Court deems fair and equitable under the circumstances

16

17

18                          **JURY DEMAND**

19       1.    Plaintiff hereby demands a trial by jury on all issues so triable.

20

21   Dated: January 12, 2018          /s/ Trevor M. Flynn

22                                    **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                      JACK FITZGERALD
23                                    *jack@jackfitzgeraldlaw.com*
                                      TREVOR M. FLYNN
24                                    *trevor@jackfitzgeraldlaw.com*
                                      MELANIE PERSINGER
25                                    *melanie@jackfitzgeraldlaw.com*
26                                    Hillcrest Professional Building
                                      3636 Fourth Avenue, Suite 202
27                                    San Diego, California 92103
28
                                        13
                          *Banks v. Pyramid Consulting*
                          CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Phone: (619) 692-3840
Fax: (619) 362-9555


**LAW OFFICES OF KEVIN J. DOLLEY, LLC**
Kevin J. Dolley (*Pro Hac Vice Pending)*
*kevin@dolleylaw.com*
Jason M. Finkes (*Pro Hac Vice Pending)*
*jason.finkes@dolleylaw.com*
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314)645-4100 (office)
(314)736-6216 (fax)


***Counsel for Plaintiff and the Class***

14

*Banks v. Pyramid Consulting*
CLASS ACTION COMPLAINT