1  Danielle Hultenius Moore (CA SBN 232480)
       E-Mail:  dmoore@fisherphillips.com
2  Patrice C. Nagle (CA SBN 249218)
       E-Mail:  pnagle@fisherphillips.com
3  **FISHER & PHILLIPS LLP**
   4747 Executive Drive, Suite 1000
4  San Diego, California 92121
   Telephone: (858) 597-9600
5  Facsimile: (858) 597-9601

6  J. Randall Coffey (*Pro Hac Vice*)
       E-Mail:  rcoffey@fisherphillips.com
7  Samantha J. Monsees (*Pro Hac Vice*)
       E-Mail:  smonsees@fisherphillips.com
8  **FISHER & PHILLIPS LLP**
   4900 Main Street, Suite 650
9  Kansas City, Missouri 64112
   Telephone: (816) 842-8770
10 Facsimile: (816) 842-8767

11 Attorneys for Defendant,
   PYRAMID CONSULTING, INC.

12

13               **UNITED STATES DISTRICT COURT**
                 **SOUTHERN DISTRICT OF CALIFORNIA**

14 Sabrina M. Banks,                    | Case No:  3:18-CV-00078-H-JLB

15                    Plaintiff,         | **DEFENDANT'S RESPONSE TO**
                                         | **PLAINTIFFS' SUPPLEMENTAL**
16                                       | **BRIEF IN OPPOSITION TO**
         v.                              | **MOTION TO DISMISS**
17
   Pyramid Consulting, Inc.,             | Complaint Filed:   January 12, 2018
18
                                         | Trial Date:        None Set
19                    Defendant.
20

21

22         In response to Plaintiff Sabrina Banks' *Supplemental Brief in Opposition to*

23 *Defendant's Motion to Dismiss* [Doc. 24],[1] Defendant Pyramid Consulting, Inc.

24 ("Pyramid") states as follows:

25

26

27 _____

   [1] Plaintiff Sabrina Banks is the only named Plaintiff in this case.  Six others,
28 however, have purported to file "opt-in" notices in this case.  Accordingly, Pyramid
   will refer to all of them as "Plaintiffs" throughout this Brief.

                                        1

**BACKGROUND**

On June 12, 2018, the Court requested supplemental briefing from the parties addressing why *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), should not bar Plaintiffs' FLSA claims since it is apparent from the face of Plaintiffs' Complaint that the asserted claims date back more than three years from the time when Plaintiff filed her Complaint. [Doc. 20][2]  In *China Agritech,* as described further below, the Supreme Court clarified and limited the scope of its previous decisions in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), concerning equitable tolling.  As the Supreme Court made clear, *American Pipe* and *Crown Cork* deal *only* with *putative class members* (not, as here, actual class members) "who wish to sue individually *after a class-certification denial.*"  138 S. Ct. at 1806 (emphasis added).  Neither decision so much as hints that tolling extends to otherwise time-barred class claims.  "We hold that *American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action."  138 S. Ct. at 1806 (emphasis added).  The Court specifically stated that "[p]laintiffs have no substantive right to bring their claims outside of the statute of limitations.  That they may do so, in limited circumstances, is due to a judicially crafted tolling rule that itself does not abridge, enlarge, or modify any substantive right.  . . . *American Pipe* does not provide for the extension of the statute of limitations . . . ."  *Id*. at 1810.  Thus, the Court announced "the rule we adopt today:

[2] In particular, since the Complaint in this case was filed on January 12, 2018, it is apparent from the face of the Complaint that the claims on behalf of Brown, Lewis, and Long (none of whom were employed beyond December 2014) are entirely barred by the FLSA's two or three-year statute of limitations.  *See* Complaint ¶ 9; 29 U.S.C. § 255.  As to Banks, Soogrim-Belvey, Votraw, and Wooding, their employment with Pyramid ended between February and July 2016.  Thus, virtually the entirety of these claims would be barred by a two-year statute of limitations, and there would only be a year or less of the statute of limitations remaining if Banks and these other opt-in plaintiffs were able to prove that there was a violation of the FLSA and that the violation was "willful," assuming that they ultimately file appropriate opt-in notices.  *See* Complaint ¶¶ 7, 9.

Time to file a class action falls outside the bounds of *American Pipe*." *Id.* at 1811. Simply put, the Court in *China Agritech* limited the tolling of statute of limitations for class suits to a putative class members' individual claims when class certification is denied and explicitly determined that such tolling does not extend the statute of limitations.

*China Agritech* directly and significantly affects Plaintiffs' claims in this case in that Plaintiffs seek to improperly piggyback the statute of limitations from a previous collective action – from which the Plaintiffs here all sought to be (and were) voluntarily dismissed – to the new collective claims asserted in the instant matter. In *Deborah Getchman v. Pyramid Consulting, Inc.*, Case No. 4:16-cv-01208-CDP (E.D. Mo.) ("*Getchman*"), the plaintiff asserted a single claim (on behalf of herself and others similarly situated), alleging that Pyramid violated the FLSA by failing to include hourly per diem payments in calculating the regular rate for Consultants for purposes of determining the overtime rate for recorded overtime hours ("per diem" claim). [Doc. 14, pp. 7-18, *Getchman* Complaint attached to Pyramid's Motion to Dismiss [Doc. 13]] All of the purported opt-in Plaintiffs in the present case were <u>actual</u> opt-in members of the collective class in *Getchman*. [Doc. 1, ¶ 43][3] All of the purported opt-in Plaintiffs here, who are represented by the same counsel as in *Getchman*, filed a motion to voluntarily dismiss their claims in that lawsuit, which the district court granted on December 8, 2017. *See* attached Exhibit A.[4] The district court's dismissal Order dismissed these Plaintiffs' claims

---

[3] In their Complaint, Plaintiffs assert that they were class members in the *Getchman* case. Additionally, the consent forms for these purported opt-in plaintiffs are available in the docket from the *Getchman* case, Case No. 4:16-CV-1208-CDP (E.D. Mo.), docket entry nos. 56, 58, 61 and 62. The consent forms attached to Plaintiffs' Complaint in the instant matter are the *identical* consent forms that were executed as part of the *Getchman* case and were filed in that matter in the Spring of 2017.

[4] The *Motion and Memorandum of Law to Partially Decertify and/or Dismiss without Prejudice Certain Opt-In Plaintiffs* is also available in the docket from the *Getchman* case, docket entry no. 81.

without prejudice, and further provided that "the applicable statute of limitations for the claims of each of these plaintiffs is tolled for a period of 30 days from the date of this Order." [Doc. 5-2, December 8, 2017 Order][5].

In the Complaint in this case, Plaintiffs re-assert the same per diem claim previously asserted in *Getchman*.  In addition, however, without delineating it as a separate claim, Plaintiffs also allege that they were expected to work, but not to record hours worked, in excess of forty (40) per week for which they were not compensated ("unrecorded overtime" claim).[6]  Nonetheless, Plaintiffs contend not only that they should benefit from the 30-day tolling of the statute of limitations that the Eastern District of Missouri provided for in it December 8, 2017 Order in *Getchman*, but also that they should be entitled to seven additional months of equitable tolling that the court previously had applied to the per diem claim in the previous case; in other words, Plaintiffs here contend that they should retain the benefits of tolling from the *Getchman* case even though all of the Plaintiffs here, who were actual class members in that case, voluntarily dismissed their claims *and* that it even should apply to the unrecorded overtime claim that never was asserted in *Getchman*.  Notably, it is undisputed that Plaintiffs missed, by five days, the 30-day equitable tolling deadline to re-file their "per diem claim" that the court in *Getchman* afforded them in its December 8 Order.

---

[5] The Order dismissing Plaintiffs from the *Getchman* case is also available in the docket from the *Getchman* case, docket entry no. 96.

[6] In an obvious attempt to expand the scope of the 30-day tolling of the statute of limitations regarding the sole claim asserted in *Getchman* to the newly asserted, unrecorded overtime claim in their current Complaint, Plaintiffs did not separate the "per diem" and "unrecorded overtime" claims, but rather plead them together as one violation of the FLSA.  As is apparent from the statements in *Plaintiffs' Supplemental Brief in Opposition to Defendant's Motion to Dismiss* [Doc. 24] and as is discussed in more detail below, *infra* at p. 16, Plaintiffs' "per diem" and "unrecorded overtime" claims are, in fact, two entirely separate and distinct causes of action under the FLSA.

The Supreme Court's decision in *China Agritech* makes plain that Plaintiffs here are not entitled to the benefits of judicially-created equitable tolling in this case. The *American Pipe* equitable tolling doctrine applies only to putative class members, not to those who were actual class members such as Plaintiffs here. It applies only when a court denies class certification, not when class members voluntarily dismiss their claims and proceed in another forum with the same counsel as in the first case. It does not apply to this successive class action since, as even Plaintiffs recognize in their *Supplemental Brief in Opposition to Defendant's Motion to Dismiss* (hereafter, "Brief") [Doc. 24], the Supreme Court declined to extend *American Pipe* tolling to successive class actions. More importantly, time to file a class action is entirely "outside the bounds of *American Pipe*." 138 S. Ct. at 1811. Although Plaintiffs seek artificially to limit the holding in *American Pipe* to class actions filed under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs' proposed limitation is improper and contrary to the plain language in the Supreme Court's decision, as well as the rationales of economy and efficiency which underpin the *American Pipe* tolling doctrine. Thus, *China Agritech* not only bars Plaintiffs' attempt to bootstrap any tolling of the statute of limitations afforded in *Getchman* to the instant matter, but it unquestionably also bars any application of equitable tolling application to Plaintiffs' never-before-asserted claim for unrecorded overtime.

## ANALYSIS

### I.    The Supreme Court's Decision in *China Agritech*.

The question presented in *China Agritech* was whether "a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, [may] commence a class action anew beyond the time allowed by the applicable statute of limitations?" The Court's answer simply was "no," that *American Pipe* did not "permit the maintenance of a follow-on class action past the expiration of the statute of limitations." 138 S. Ct. at 1804.

5

In *China Agritech,* the first plaintiff sued China Agritech in federal court, alleging securities-law violations on a putative class basis. The claims were governed by a two-year statute of limitations that began to run upon discovery of the violation, and a five-year statute of repose. The parties agreed that the two-year limitation period expired in February 2013, and the repose period expired in November 2014.  In May 2012, the district court denied class certification.  After notice to shareholders of the certification denial, the case ultimately settled on an individual basis and was dismissed.  *Id*. at 1804-05.

In October 2012, within the two-year statute of limitations, a new set of plaintiffs filed a second class-action complaint against China Agritech, again asserting securities-law violations similar to those in the earlier lawsuit.  The district court once more denied class certification in the second case, and the plaintiffs settled their individual claims, resulting in the voluntary dismissal of the suit. *Id*. at 1805.

Subsequently, a third plaintiff filed yet another putative class action against China Agritech in federal court in June 2014, well after the statute of limitations had expired in February 2013.  The plaintiff argued that the third lawsuit was timely because unnamed class members from previously uncertified classes should be able to take advantage of *American Pipe* tolling, thus permitting the first and second lawsuits to toll the time to initiate the class claims asserted in the third action.  China Agritech argued that *American Pipe* tolls the limitations period for putative class members only when class certification is denied, allowing them to intervene in the existing action or to initiate a new individual lawsuit on their own behalf, but does not permit the filing of a new, successive class action outside of the limitations period. The district court agreed with China Agritech and dismissed the class complaint as untimely, holding that the previous two class actions did not toll the time to initiate class claims. The Ninth Circuit reversed, holding that *American Pipe* tolling should extend to unnamed class members in previously uncertified

6

classes as this would advance the policy objectives that led the Supreme Court to permit tolling, and because the successive class actions would cause no unfair surprise and would promote economy of litigation by reducing the incentive for others to file class claims while the initial suit and certification motion were pending. *Id*. at 1805-06.

The Supreme Court reversed. After reviewing the limited scope of the judicially-created tolling rules set forth in *American Pipe* and *Crown Cork*, the Court specifically confined those cases, noting that they "addressed only putative class members who wish to sue individually after a class-certification denial." *Id*. at 1806 (citations omitted). The Court explicitly addressed the effect of tolling on the statute of limitations in these circumstances:

> Neither decision so much as hints that tolling extends to otherwise time-barred class claims. We hold that *American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action. The "efficiency and economy of litigation" that support tolling of individual claims do not support maintenance of untimely successive class actions . . ..

*Id*. (internal citations omitted).[7]   Indeed, the Court commented that allowing equitable tolling in successive class actions would permit repeated resuscitation of the litigation and permit potentially "limitless" filing of such suits. *Id*. at 1809.

The Court further noted that when putative class members receive notice and an opportunity to participate in prior class litigation, "there is little reason to allow plaintiffs who passed up those opportunities to enter the fray several years after

---

[7] The Court observed that *American Pipe* tolled the limitation period for individual claims due to economy of litigation reasons. "If certification is granted, the claims will proceed as a class and there would be no need for the assertion of any claim individually. If certification is denied, only then would it be necessary to pursue claims individually." *Id*. at 1806-07. Efficiency, however, favors early assertion and resolution of class-based claims. *Id*.

7

class proceedings first commenced." *Id.* at 1808.[8]  Justice Ginsburg, writing for eight of the Justices, concluded with observations and a rule that are apropos to this case:

> Plaintiffs have no substantive right to bring their claims outside the statute of limitations.  That they may do so, in limited circumstances, is due to a judicially crafted tolling rule that itself does not abridge, enlarge, or modify any substantive right. . . . *American Pipe* does not provide for the extension of the statute of limitations sought by [the plaintiff] for institution of any untimely third class suit.

*Id.* at 1810.

> The watchwords of *American Pipe* are efficiency and economy of litigation . . . Extending *American Pipe* tolling to successive class actions does not serve that purpose.  . . . For all the above-stated reasons, it is the rule we adopt today:  Time to file a class action falls outside the bounds of *American Pipe*.

*Id.* at 1811.

## II.   *China Agritech* Precludes Equitable Tolling for All of Plaintiffs' FLSA Collective Action Claims.

### A.   *China Agritech* Bars Plaintiffs from Receiving the Benefit of Equitable Tolling Because Plaintiffs Were Actual, Not Putative, Class Members in the *Getchman* Matter.

As an initial matter, the Supreme Court's decision in *China Agritech* makes clear that the equitable tolling doctrine applies only to *putative* class members:

> *American Pipe* tolls the statute of limitations during the pendency of a ***putative*** class action, allowing ***unnamed*** class members to join the action individually or file individual claims ***if the class fails***.  But *American Pipe* does not permit the maintenance of a follow-on class action past expiration of the

---

[8] This observation seems to apply with even greater force when, as here, the Plaintiffs did *not* pass up the opportunity, but actually participated in the earlier litigation.

statute of limitations.

138 S. Ct. at 1804 (emphasis added).

Here, Plaintiffs were actual, not putative, class members in *Getchman*.  All of the Plaintiffs in this case had affirmatively opted-in to that suit.  *American Pipe* tolling simply does not apply outside of the context of individual-claim tolling for putative class members when class certification is pending.  The individual-claim tolling established by *American Pipe* was intended to protect the individual claims of putative class members when the class fails to gain certification (or is decertified such as, for example, when class members are not similarly situated).  *Id.* at 1808.

Plaintiffs in this case, however, already had affirmatively opted in to the collective action proceeding in the Eastern District of Missouri; there was no need to protect them from the unfair loss of claims due to reliance on the pending action or lack of notice.  There was no need for them to file individual claims, which was the potential problem for which *American Pipe* sought to offer protection, since Plaintiffs here were already class members in *Getchman*.  *Id.* at 1806 ("If certification is granted, the claims will proceed as a class and there would be no need for the assertion of any claim individually.")  They voluntarily chose to dismiss their claims in *Getchman*.[9]  As a result, *China Agritech* compels the conclusion that application of equitable tolling to any of Plaintiffs' claims asserted in the Complaint here is unnecessary and impermissible for this reason alone.

**B.    The Holding in *China Agritech* Cannot Be Limited to Rule 23 Class Actions As Plaintiffs Suggest, and Neither Economy Nor Efficiency Rationales Support Tolling In This Case.**

---

[9] Plaintiffs cannot rely on their own decision to dismiss and to reassert their per diem claim as a basis for the equitable tolling they seek, since the purpose of equitable tolling when class certification is denied or a class is decertified is to protect class members who may be able to pursue their claims on an individual basis.  Plaintiffs in this case have been able to do that throughout the duration of the *Getchman* litigation, and there also is no economy or efficiency reasons that would in any way whatsoever support tolling in the circumstances present now.

9

1
2
3
4
5
6
7
8

Despite the fact that Plaintiffs in this case were not putative class members in the Getchman case, that the Court did not deny class certification, and that they were protected by their status as actual class members, Plaintiffs attempt to avoid the obvious implications of this by taking the untenable position that *China Agritech* should apply only to Rule 23 class actions.  There is no reason whatsoever, given the facts as to *these* Plaintiffs, that the Supreme Court's application and limitations relating to *American Pipe* tolling should not have full force and effect in regard to these successive § 216 collective actions under the FLSA.

9
10
11
12
13
14
15
16

In support of their position, Plaintiffs attempt to distinguish Rule 23 class certification from certification under § 216, arguing that unlike Rule 23 class claims, *China Agritech* should not apply to collective actions because conditional certification of a FLSA action merely provides notice to putative class members, and does not produce a class with an independent legal status like Rule 23 class members.  [Doc. 24, pp. 4-5]  Plaintiffs, however, ignore the obvious in making this argument, namely that Plaintiffs here not only had notice but were actual class members whose rights already were protected in that litigation.

17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs further assert that the judicial efficiency rationale also does not apply in this case because there is no basis for early assertion of § 216 collective claims.  [Doc. 24, p. 5] This argument likewise ignores the obvious; courts employ a two-step certification process in FLSA collective actions, with the initial, conditional certification usually occurring at the very outset of the litigation.  For those collective class members who opt-in, certainly, there is no reason why the courts should not find the considerations noted in *China Agritech* controlling, namely that these plaintiffs had notice and an opportunity to participate (and, in this case, did participate).  Thus, the Supreme Court's observation that "[w]ith notice and opportunity to participate in the first . . . round of litigation, there is little reason to allow plaintiffs who passed up those opportunities to enter the fray several years after class proceedings first commenced," 138 S. Ct. at 1808, has even

10

stronger force on the facts here, since these Plaintiffs actually were participating. *See also* 138 S. Ct. at 1811 ("The watchwords of *American Pipe* are efficiency and economy of litigation . . . Extending *American Pipe* tolling to successive class actions does not serve that purpose.). As a result, the application of the tolling rules clarified in *China Agritech* to collective actions such as this one is even more compelling than in regard to Rule 23 putative class members because the § 216 opt-ins have already protected their rights by the act of opting-in to the first lawsuit; equitable tolling in this lawsuit would be inappropriate. As the Court specifically stated, "[e]ndless tolling of a statute of limitations is not a result envisioned by *American Pipe*," and "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *China Agritech, Inc.* 138 S. Ct. at 1809, 1804.

## C. *China Agritech* Confirms That Tolling of The Statute of Limitations Cannot Be Extended To The Successive Class Claims In This Case.

What is immediately apparent from *China Agritech* is that Plaintiffs cannot save their untimely-filed claims by relying on the application of tolling from the *Getchman* litigation to the present, follow-on collective class claims in this case. The Supreme Court explicitly determined that plaintiffs may not "piggyback" on a previous, timely-filed case to save themselves from what otherwise would be time-barred claims. Significantly, the Court specified that "Plaintiffs have no substantive right to bring their claims outside the statute of limitations. That they may do so, in limited circumstances, is due to a judicially crafted tolling rule that itself *does not* abridge, enlarge, or modify any substantive right. . . . *American Pipe* does not provide for the extension of the statute of limitations." 138 S. Ct. at 1808-09; *see also id*. at 1808-09. ("The 'efficiency and economy of litigation' that support tolling of individual claims do not support maintenance of untimely

successive class actions . . ..."); id. at 1808 (quoting *Ewing Industries Corp. v. Bob Wines Nursery, Inc.*, 795 F. 3d 1324, 1326 (11th Cir. 2015) (tolling for successive class actions would "allow[ ] plaintiffs 'limitless bites at the apple.'")).

Despite the fact that *China Agritech* dictates that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations," 138 S. Ct. at 1804, Plaintiffs still are requesting that this Court ignore the plain language of *China Agritech*.  Plaintiffs apparently seek the benefit of both the 30-day tolling period from the December 8, 2017 voluntary dismissal Order *and* the seven-month period of equitable tolling from the initial portion of the *Getchman* suit.[10]  Plaintiff seemingly believes that this would encompass even the newly-asserted unrecorded overtime claim that never was asserted in *Getchman*.[11]

As to the 30-day tolling period provided upon Plaintiffs' voluntary dismissal of their claims in *Getchman* and notwithstanding that *China Agritech* establishes that *American Pipe* tolling does not apply to successive class claims, there are instances when a Court may invoke its equity powers to toll the applicable statute of limitations to protect decertified collective class members.[12]   Here, however,

---

[10] Due to the time needed to resolve pending motions related to standing at the outset of the litigation, the *Getchman* court did not rule on Plaintiffs' Motion for Conditional Certification in that case until February 23, 2017. At that time, the *Getchman* Court tolled the statute of limitations on the claim asserted in that suit for a period of seven months, to the date Plaintiff Getchman filed her Motion for Conditional Certification (July 22, 2016).  Presumably, July 22, 2016 is the date in which Plaintiffs in this case seek to have the statute of limitations equitably tolled.

[11] While Plaintiffs recognize that *China Agritech* declined to extend *American Pipe* tolling to successive class claims, they merely argue that the differences between Rule 23 and § 216 and judicial economy all favor application of *American Pipe* tolling in this case.  Those arguments are addressed above and, in fact, do not support application of tolling given the facts in this case.

[12]   *See, e.g.*, *Beauperthuy*, 772 F. Supp. 2d at 1134 ("To avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases [as a result of decertification], the Court invokes its equity powers to toll the applicable statute of limitations for 30 days after the entry of this Order."); *Barker v. U.S. Bancorp*, No. 3:15-CV-1641-CAB-WVG, 2017 WL 4358116, at *7 (S.D. Cal. Oct. 2, 2017) (same); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) (tolling statute of limitations for opt-in plaintiffs for 30 days); *Smith v. Heartland Automotive Servs.*, 404 F. Supp. 2d 1144, 1155 (D. Minn. 2005) (staying

12

1    Plaintiffs are represented by the same counsel as in *Getchman* and the Court there
2    provided them with 30 days tolling of the statute of limitations in its dismissal
3    Order to allow for any re-filing of the claim.   In requesting equitable tolling,
4    *Getchman,* Case No. 4:16-CV-1208-CDP (E.D. Mo.), Doc. 81, Plaintiffs certainly
5    knew that, but for the Order from the *Getchman* Court providing for equitable
6    tolling to refile their claim, they would be starting over in regard to the statute of
7    limitations.   *See Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971–72 (7th Cir. 2011) ("when
8    a suit is dismissed, 'the tolling effect of the filing of the suit is wiped out and
9    the statute of limitations is deemed to have continued running from whenever the
10   cause of action accrued . . .  In other words*, a suit dismissed without prejudice is
11   treated for statute of limitations purposes as if it had never been filed*.'")(citations
12   omitted).   The Court granted Plaintiffs' request and ordered that the "applicable
13   statute of limitations for the claims of each of these plaintiffs is tolled for a period
14   of 30 days from this Order." [Doc. 5-2, December 8, 2017 Order][13]   However, as
15   Plaintiffs concede, they missed the 30-day deadline that the *Getchman* court
16   provided for them to refile their claims, and therefore should be barred from
17   receiving that benefit.

         As to the seven-month tolling applied in the previous litigation, the teaching
18   of *China Agritech* in this regard is abundantly clear:  "Time to file a class action
19   falls outside the bounds of *American Pipe*."  138 S. Ct. at 1811.  Even if Plaintiffs
20   are afforded the benefit of tolling for the 30 days envisioned by the *Getchman*
21   dismissal Order, that Order says absolutely nothing about applying tolling
22
23
24
_____

25   decision granting motion to decertify for 60 days to permit opt-in plaintiffs to refile
     their claims).  While it appears questionable, particularly in light of *China Agritech*,
26   that tolling would apply when Plaintiffs voluntarily choose to dismiss claims while
     they are part of a certified collective class, Pyramid will assume for present
27   purposes that this is permissible.

28   [13] The Order dismissing Plaintiffs from the *Getchman* case is also available in the
     docket from the *Getchman* case, docket entry no. 96.

otherwise granted in the *Getchman* litigation to the successive litigation here. *China Agritech* addresses that issue and forthrightly states that neither *American Pipe* nor *Crown Cork* "so much as hints that tolling [from a previous case] extends to otherwise time-barred claims." *Id*. at 1806. This language clearly bars the application of tolling from the prior action to the present lawsuit.

Plaintiffs also suffer one other problem in relation to the equitable tolling that they seek, one to which the Supreme Court referred in *China Agritech*, namely that to benefit from equitable tolling, plaintiffs must demonstrate that they have been diligent in pursuit of their claims. 138 S. Ct. at 1808. While Plaintiffs rotely recite in their Supplemental Brief that they have been diligent, Plaintiffs simply cannot meet the diligence threshold that would entitle them to the benefit of equitable tolling. Once Plaintiffs discovered that they did not have a claim for unpaid per diem amounts in the *Getchman* suit, they voluntarily dismissed themselves from that suit. There is more to the story, though, as revealed by Plaintiffs' Supplemental Brief. Plaintiffs now contend that they were "unaware of their unique rights compared to other putative members in *Getchman* until deep in the discovery process," [Doc. 24, p. 6], namely that "Defendants failed to keep records of Plaintiffs' hours" and did not pay Plaintiffs for them. [Doc. 24, p. 7] page 6] Obviously, Plaintiffs must have been aware long before December 2017 that they were not being paid for all of the hours that they supposedly had worked in 2014, 2015, and 2016.[14]

---

[14] Indeed, Plaintiffs' counsel in the *Getchman* litigation (the same counsel as here), stated in July 2017 at mediation that the Plaintiffs here had claims for unrecorded overtime, although they never subsequently sought to amend the pleadings in *Getchman* to assert those claims. Not asserting these claims when they were known in 2014-16 and then not asserting them for at least an additional 6-7 months after raising them at mediation hardly qualifies as diligent behavior. Fed. R. Evid. 408 (provides that evidence may be offered for another purpose other than to prove the invalidity of a disputed claim or amount).

1
2
3
4
5
6
7
8
9
10
11
12
13

Under no circumstance can Plaintiffs derive the benefit of the *Getchman* equitable tolling when, throughout the entirety of these two cases, Plaintiffs have all been represented by counsel and have been well aware of their rights.  Moreover, Plaintiffs' Complaint contains no allegations that would support equitable tolling of their FLSA claims, including any alleged wrongful conduct by Pyramid that prevented them from asserting the unrecorded overtime claim or identification of some other circumstance beyond their control to warrant equitable tolling.  *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time.").  As *China Agritech* makes abundantly clear, "the time for filing successive class suits, if tolling were allowed, could be limitless." 138 S. Ct. at 1809.

14
15
16
17
18
19
20
21
22

Plaintiffs cannot now claim that they have been diligent in pursuing their claims when they never asserted claims of which they must have known and then voluntarily dismissed themselves from the *Getchman* case, yet entirely failed to timely file or refile their claims within the 30-day period provided.[15]  Moreover, having wholly failed to establish that they have been diligent in pursuing their claims, the individual-claim tolling established by *American Pipe* is simply inapplicable to the Plaintiffs in this matter for all the reasons stated above.  Because

23
24
25
26
27
28

---

[15] In their Supplemental Brief, Plaintiffs take the remarkable position that they did not "sleep on their rights," because they timely opted-in to the *Getchman* suit. Plaintiffs' timely filing in the *Getchman* case has absolutely no bearing on their failure to timely file this case or to properly opt in to it.  *See Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971–72 (7th Cir. 2011) ("when a suit is dismissed, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued . . .  In other words*, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.*'"). (citations omitted; emphasis added); *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the statute of limitations).

the tolling effect of the *Getchman* suit expired, Plaintiffs' per diem claims are simply subject to the ordinarily applicable statute of limitations for FLSA claims.

### D.   Any Tolling Cannot Possibly Extend To A Previously Unasserted Claim For Unrecorded Overtime.

Similarly, regardless of whether the 30-day or seven-month tolling sought applies or not to the per diem claim, there is absolutely no basis to conclude that Plaintiffs are entitled to equitable tolling on their unrecorded overtime claim, which never was asserted in the *Getchman* suit.  Plaintiffs plainly are attempting to have it both ways in this regard.  In their Supplemental Brief, Plaintiffs concede that the claim asserted in the *Getchman* case is not the same as the claim asserted in the instant matter in that "[Plaintiffs] only sought decertification when it became clear that their **rights pursuant to their claim were different from other putative class members**." [Doc. 24, pp. 7:20-23] (emphasis added).   They also assert that Pyramid failed to pay the correct overtime amounts to the plaintiffs in *Getchman*, but that Pyramid "properly recorded their hours worked."  [Doc. 24, p. 6 a, n. 1] Plaintiffs, however, still want the benefit of tolling despite these admissions.

The Supreme Court in *China Agritech* contemplated whether a would-be class representative could file a successive class action based upon the same claims as an earlier class action in which the statute of limitations had expired and determined that "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *China Agritech, Inc.* 138 S. Ct. at 1806.  As a result, Plaintiffs certainly cannot piggyback any equitable tolling to a claim that admittedly was never before asserted in the prior litigation.  The simple fact is that the unrecorded overtime claim in this case never was asserted in the *Getchman* litigation and there is no basis whatsoever for applying equitable tolling to that claim now.  Indeed, "[t]ime to file a class action falls outside the bounds of *American Pipe*," *Id.* at 1811, and the time to file the

16

unrecorded overtime claim for the Plaintiffs in this case has expired, except as to the four Plaintiffs who may have a year or less remaining on their claims if and when they file a proper opt-in notice in this case. *See* Doc. 21, pp. 8-11, Pyramid's Reply in Support of Motion to Dismiss.

## III.   Conclusion.

WHEREFORE, Defendant Pyramid Consulting, Inc. respectfully requests that the Court order that: (1) Plaintiffs' per diem claim be limited to the period of two or three years from the date of a proper consent form being filed for each Plaintiff in this Court; (2) *China Agritech* precludes equitable tolling from applying to Plaintiffs' per diem claims in this case because Plaintiffs were actual class members in the *Getchman* case and Plaintiffs failed to refile within the 30-day tolling period provided by the Court in *Getchman*; (3) *China Agritech* bars application of equitable tolling to Plaintiffs' claim for unrecorded time since that claim never was asserted in the prior litigation; and (4) the statute of limitations for the unrecorded overtime claim shall run from the period of two or three years from the date of a proper consent form being filed for each plaintiff in this Court; and (5) the statute of limitations for both claims will continue to run until such time as proper consent forms are filed, as well as such further relief as the Court deems just and proper.

Dated:  July 11, 2018

Respectfully submitted,
FISHER & PHILLIPS LLP

By:  /s/ *J. Randall Coffey*
J. Randall Coffey
Samantha J. Monsees
Danielle Hultenius Moore
Patrice C. Nagle
Attorneys for Defendant PYRAMID CONSULTING, INC.

17