UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA M. BANKS, individually and on behalf of others similarly situated,<br><br>                                      Plaintiff,<br><br>v.<br><br>PYRAMID CONSULTING, INC.,<br><br>                                      Defendant. | Case No.: 3:18-cv-00078-H-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Doc. No. 13] |

On January 12, 2018, Sabrina M. Banks, on behalf of herself and others similarly situated ("Plaintiff"), filed suit against Pyramid Consulting, Inc. ("Defendant"), alleging that Defendant knowingly and willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per workweek. (Doc. No. 1.) On May 17, 2018, Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 13.) Specifically, Defendant contends that the FLSA claim is untimely and that the collective-action consent forms signed by Plaintiff Banks and the op-in plaintiffs are invalid. For the reasons discussed below, the Court grants in part and denies in part the motion to dismiss.

# BACKGROUND[1]

Defendant Pyramid Consulting, Inc., is a Georgia corporation that provides "Information Technology Staffing and Enterprise Solutions" to a variety of businesses, including telecommunications companies ("the telecommunications clients"). (Doc. No. ¶¶ 4, 11.) Defendant's telecommunications clients contract with Defendant for individuals to perform non-exempt work at hourly rates, with payroll, timekeeping, and recordkeeping functions to be performed and monitored by Defendant. (Id. ¶ 11.)

Between approximately June 24, 2013, and July 8, 2016, Plaintiff Banks was employed by Defendant as a "Consultant" with an hourly rate of pay. (Id. ¶ 7.) During that time, Plaintiff Banks worked for one of Defendant's telecommunications clients at the client's worksite, performing routine office work. (Id. ¶ 14.) Plaintiff alleges that, in order to secure business from telecommunications clients, Defendant "routinely and frequently" underbilled its telecommunications clients for the hours that Plaintiff and similarly situated Consultants worked. (Id. ¶ 12.) Plaintiff further alleges that Defendant "discouraged recording of overtime or accurate tracking of hours worked, and/or turned a blind eye to the falsification and underreporting of Consultant hours worked." (Id. ¶ 12.) Moreover, Plaintiff alleges that Defendant calculated overtime compensation using the Consultant's regular rate of pay, excluding remuneration for employment labeled as "per diem" that did not qualify for an FLSA exemption. (Id. ¶¶ 13, 49.) Thus, Plaintiff alleges that Defendant failed to pay overtime compensation at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 per work week, and failed to keep accurate records of all wages paid and adjustments to those wages. (Id. ¶¶ 66-67.)

On January 12, 2018, Plaintiff Banks filed this action, on behalf of herself and others similarly situated, alleging that Defendant willfully and knowingly failed to pay its

---

[1] The following factual allegations are drawn from the complaint and filings in this matter. Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes them in the light most favorable to Plaintiff. See Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1156-57 (9th Cir. 2017).

Consultants overtime compensation in violation of the FLSA. (Id. ¶¶ 63-71.) On April 25, 2018, Plaintiff filed certain "Exhibits" to her complaint, including collective-action consent forms for Plaintiff Banks and six opt-in plaintiffs: Thomas Brown, Samuel Lewis, Mose Long, Jr., Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding (collectively, "the Opt-In Plaintiffs"). (Doc. No. 5-1.) Like Plaintiff Banks, the Opt-In Plaintiffs were allegedly Consultants employed by Defendant at hourly rates of pay. (Doc. No. 1 ¶ 9.) The dates on which Defendant employed Plaintiff Banks and the Opt-In Plaintiffs are alleged to be the following:

|  | Employment State Date | Employment End Date |
| --- | --- | --- |
| Sabrina Banks | June 24, 2013 | July 8, 2016 |
| Thomas Brown | May 9, 2013 | December 21, 2014 |
| Samuel Lewis | August 13, 2013 | April 6, 2014 |
| Mose Long, Jr. | March 5, 2014 | September 21, 2014 |
| Lystra Soogrim-Belvey | September 9, 2015 | March 13, 2016 |
| Julian Votraw | January 30, 2014 | February 21, 2016 |
| Randy Wooding | May 22, 2014 | April 24, 2016 |

(Id. ¶ 9(a)-(f).)

Plaintiff Banks, as well as the Opt-In Plaintiffs, previously opted-in to a similar suit filed on July 22, 2016, against Defendant in the U.S. District Court for the Eastern District of Missouri, Getchman v. Pyramid Consulting, Inc., Case No. 4:16-CV-1208-CDP ("Getchman"). (Doc. No. 1 ¶ 43.) Getchman was a conditionally certified collective action alleging that Defendant violated the FLSA by failing to pay its Consultants statutorily required overtime compensation. (See Doc. No. 18 at 3.) Specifically, the Getchman suit alleged the same "per diem" claim made here—that is, the claim that Defendant unlawfully excluded "per diem" payments when calculating Consultants' rates of pay. (See Doc. No. 14, Monsees Decl. Ex. 1.) On February 23, 2017, the district court in Getchman issued an order granting conditional certification to a class comprising: "all current and former

hourly non-exempt employees of defendant Pyramid Consulting, Inc., who were paid per diem amounts or rates by defendant for a period of three (3) years preceding July 22, 2016 and ongoing." (Doc. No. 5-2 at 18.) By the same order, the court tolled the statute of limitations for the period of time it took for the court to rule on Plaintiff Getchman's motion for conditional certification (approximately seven months). (Doc. No. 5-2 at 17.)

On November 6, 2017, Plaintiff Getchman moved to partially decertify and/or dismiss without prejudice certain opt-in plaintiffs, including Plaintiff Banks and the six individuals (Thomas Brown, Samuel Lewis, Mose Long, Jr., Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding) who have opted-in to the action before this Court. (Doc. No. 18 at 3.) On December 8, 2017, the district court granted Plaintiff Getchman's motion and dismissed those individuals without prejudice. (Doc. No. 5-2, Ex. B.) The court also tolled the applicable statute of limitations for each of the dismissed individuals' claims for a period of 30 days from the date of the order. (Doc. No. 5-2, Ex. B.) On January 12, 2018, five days after the 30-day equitable tolling period had expired, Plaintiff Banks filed suit in this Court.

Defendant has now moved to dismiss the instant complaint, arguing that it is clear from the face of the complaint that Plaintiff's claim is barred by the applicable statute of limitations. (Doc. No. 13-1 at 7-9.) Defendant also contends that Plaintiffs have not validly opted-in to this action because the collective-action consent forms are the same forms Plaintiffs used to opt-in to the Getchman suit in the Eastern District of Missouri. (Doc. No. 13-1 at 9-13.) Opposing the motion to dismiss, Plaintiff requests that the Court reserve judgment on the question of equitable tolling or determine that the equitable tolling periods applied to Plaintiff's FLSA claim in Getchman also apply to the FLSA claim in this lawsuit. (Doc. No. 18 at 2.) Plaintiff further maintains that the consent forms are valid. (Id.) Following the filing of Defendant's motion to dismiss and Plaintiff's opposition thereto, the Court requested supplemental briefing as to whether the Supreme Court's recent holding in China Agritech, Inc. v. Resh, 138 S. Ct. 1800 (2018), should bar Plaintiff's claim. (Doc. No. 20.) Defendant filed its reply on June 18, 2018. (Doc. No. 21). On June

27, 2018, Plaintiff filed her supplemental briefing regarding China Agritech. (Doc. No. 24.) Defendant filed its response to Plaintiff's supplemental briefing on July 11, 2018, (Doc. No. 25), and Plaintiff replied on July 18, 2018, (Doc. No. 27).

## DISCUSSION

### I. Legal Standard on Motion to Dismiss for Failure to State a Claim

To avoid dismissal under a Rule 12(b)(6) motion, a complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 640-41 (9th Cir. 2014). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and internal alteration omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

Moreover, a plaintiff asserting a claim for failure to pay overtime wages under the FLSA "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." Landers, 771 F.3d at 644-45 (citing sister circuits' cases holding same). A plaintiff need not, however, make "detailed factual allegations regarding the number of overtime hours worked." Id. at 644.

Dismissal on statute-of-limitations grounds may be granted under Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

## II. Analysis

### a. FLSA Statute of Limitations

In its motion to dismiss, Defendant asserts that Plaintiff's complaint is untimely because it was not filed within thirty days of the Getchman court's order partially decertifying the class and dismissing Plaintiff Banks and the six Opt-In Plaintiffs without prejudice. (Doc. No. 13-1 at 7-8.) That thirty-day window, Defendant maintains, established a deadline by which Plaintiff had to refile the claim. (Id.) Opposing the motion, Plaintiff argues that the Getchman court merely granted a thirty-day equitable tolling period applicable to Plaintiff's claim. (Doc. No. 18 at 4-5.)

The district court's order in Getchman stated, in pertinent part:

> IT IS FURTHER ORDERED that plaintiff's motion to partially decertify the class and dismiss without prejudice certain opt-in plaintiffs [] is granted in its entirety. The claims of plaintiffs Sabrina Banks[, Thomas Brown, Samuel Lewis, Mose Long, Jr., Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding] . . . are dismissed without prejudice *and the applicable statute of limitations for the claims of each of these plaintiffs is tolled for a period of 30 days from the date of this Order.*

(Doc. No. 5-2 at 3 (emphasis added).) Thus, the district court granted thirty days of equitable tolling, which, this Court notes, corresponded to the time it took for the district court to rule on Plaintiff Getchman's motion to partially decertify the class.

The applicable statute of limitations, however, is established by the FLSA. FLSA actions are subject to a two-year statute of limitations, which may be extended to three years if an employer's violation is "willful." Flores v. City of San Gabriel, 824 F.3d 890, 906 (9th Cir. 2016); see 29 U.S.C. § 255(a). "[T]he statute of limitations is tolled for each putative class member *individually* upon filing a written consent to become a party plaintiff." Coppernoll v. Hamcor, Inc., No. C 16-05936 WHA, 2017 WL 1508853, at *1 (N.D. Cal. Apr. 27, 2017) (citing 29 U.S.C. 256(b)). Thus, unlike in a Federal Rule of Civil Procedure 23 class action, "where the statute of limitations is tolled for *all* putative class members when the complaint is filed," the filing of an FLSA collective action complaint

does not toll the statute of limitations of a putative class member's FLSA claim. Coppernoll, 2017 WL 1508853, at *1; see Partlow v. Jewish Orphans' Home, 645 F.2d 757, 758 (9th Cir. 1981), abrogated on other grounds by Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989). Absent equitable tolling, "the statute of limitations on a putative class member's FLSA claim continues to run in the time between the filing of the collective action complaint and the filing of their written consent opting-in." Coppernoll, 2017 WL 1508853, at *1.

Here, Plaintiff filed her complaint in this Court on January 12, 2018. (Doc. No. 1.) Because Plaintiff's complaint alleges that Defendant willfully violated the FLSA, the applicable statute of limitations is three years. See Flores, 824 F.3d at 906; see also Dent v. Cox Commc'ns Las Vegas, Inc., 502 F.3d 1141, 1144 (9th Cir. 2007) ("[The] complaint alleges willful violations of the FLSA, so we must assume that a three-year statute of limitations . . . applies."). That three-year statute of limitations, in turn, was tolled on April 25, 2018, upon the filing of collective-action consent forms for Plaintiff Banks and the six Opt-In Plaintiffs.[2] (Doc. No. 5.) See 29 U.S.C. § 256; Coppernoll, 2017 WL 1508853, at *1.

On the face of the complaint, it appears that the FLSA claim brought on behalf of Thomas Brown, Samuel Lewis, and Mose Long, Jr., is time-barred, because none of these Opt-In Plaintiffs was still employed by Defendant during the three-year statute of limitations—that is, between April 25, 2015, and April 25, 2018.[3] (See Doc. No. 1 ¶ 9 (alleging Thomas Brown, Samuel Lewis, and Mose Long, Jr., stopped working for Defendant, respectively, on December 21, 2014; April 6, 2014; and September 21, 2014).) As for Sabrina Banks, Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding, portions of their respective employment with Defendant took place outside the three-year

---

[2] Although Plaintiff Sabrina Banks is the named party plaintiff in the complaint, her written consent to become a party plaintiff was not filed on the same date that the complaint was filed. Thus, her claim is deemed commenced on the date her written consent was filed. See 29 U.S.C. § 256.

[3] "A new [FLSA] cause of action accrues at each payday immediately following the work period for which compensation is owed." Cox, 502 F.3d at 1144.

statute of limitations, and claims that accrued during those periods of time are time-barred. In other words, absent equitable tolling, Plaintiff may only bring claims that accrued during the time period three years prior to the filing of the consent forms. On the face of the complaint, a least some of Plaintiffs' claims fall outside the three-year statute of limitations period and, accordingly, those claims are time-barred.

Plaintiff asks that the Court apply seven months of equitable tolling to Plaintiff's claim—that is, the same seven months that the Getchman court granted at the time it conditionally certified the class in that lawsuit—as well as such additional tolling as this Court deems equitable. (Doc. No. 18 at 9.) Although equitable tolling of the FLSA statute of limitations may be warranted under certain circumstances, the Court declines to grant equitable tolling on Plaintiff's claim at this time. See Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1039 (9th Cir. 2013); Veliz v. Cintas Corp., No. C 03-1180 SBA, 2007 WL 841776, at *4 (N.D. Cal. Mar. 20, 2007) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time." (citing Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999))). The Court also finds that the Supreme Court's holding in China Agritech does not seem to support equitable tolling of the statute of limitations here. See 138 S. Ct. at 1806 (holding that, following denial of Rule 23 class certification, a putative class member may not bring her claim as a new class action after the applicable statute of limitations has expired).

In sum, reading the complaint's allegations liberally, the Court concludes that partial dismissal on statute-of-limitations grounds is warranted. See TwoRivers v. Lewis, 174 F.3d at 991.

**b. Consent Forms**

Defendant also argues that, because the collective-action consent forms filed with this Court are allegedly the same consent forms used to join the Getchman action in the Eastern District of Missouri, Plaintiff and the Opt-In Plaintiffs have not validly consented to participate in this action. (Doc. No. 13-1 at 9.) The FLSA provides that "[n]o employee

shall be a party plaintiff to any [collective action against an employer] unless [the employee] gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Defendant cites no case, and this Court is aware of none, whose authority would invalidate the written consent forms filed with the Court in this case. (See Doc. No. 13-1 at 9-13.) Thus, at this time the Court denies Defendant's motion to dismiss on this ground.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss the complaint. (Doc. No. 13.) The Court **DISMISSES** without prejudice the FLSA claims that, on the face of the complaint, accrued outside the applicable statute of limitations. More specifically, the Court **DISMISSES** without prejudice the FLSA claims brought on behalf of opt-in plaintiffs Thomas Brown, Samuel Lewis, and Mose Long, Jr. As for named plaintiff Sabrina Banks and opt-in plaintiffs Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding, they may proceed with their FLSA claims that accrued from April 25, 2015 forward. Defendant should file an answer to the complaint on or before **August 24, 2018.**

**IT IS SO ORDERED.**

DATED: July 25, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT