Jack Fitzgerald
jack@jackfitzgeraldlaw.com
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Hilcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 692-3840
Facsimile: (619) 362-9555

Kevin J. Dolley
kevin@dolleylaw.com
**LAW OFFICES OF KEVIN J. DOLLEY, LLC**
2726 S. Brentwood Blvd.
Saint Louis, Missouri 63144
Telephone: (314) 645-4100
Facsimile: (314) 736-6216

Attorneys for Plaintiff
SABRINA BANKS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA M. BANKS,<br><br>*Individually an on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>PYRAMID CONSULTING, INC.,<br><br>Defendant. | Case No.:  3:18-CV-00078-H-JBL<br><br>**PLAINTIFFS' MOTION FOR COURT APPROVAL OF PARTIES' SETTLEMENT BY CONSENT OF THE PARTIES** |

COME NOW Plaintiffs[1], by and through undersigned counsel, and for her Motion for Court Approval of the parties' settlement, states as follows:

## I. Procedural Status

This action which arose from a partially decertified putative collective action filed in the United States District Court for the Eastern District of Missouri, *Getchman v. Pyramid Consulting, Inc.*, E.D. Mo. Case No. 4:16-CV-1208. On January 12, 2018, Plaintiffs filed their Complaint in this District seeking to recover unpaid wages under FLSA. (Doc. # 1). On July 25, 2018, this Court granted in part and denied in part Defendant's Motion to Dismiss. (Doc. # 29).

## II. Legal Standard

Settlement of Fair Labor Standards Act ("FLSA") claims with prejudice must be approved by a district court or the Department of Labor. *Selk v. Pioneers Memorial Healthcare District*, 159 F.Supp.3d 1164, 1172 (S.D. Cal. 2016). In reviewing a FLSA settlement, a district court must determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Id* (quoting *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dept. of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). A bona fide dispute exists when there are legitimate questions about "the existence and extent of Defendant's FLSA liability." *Id* (quoting *Ambrosino v. Home Depot. U.S.A., Inc.,* 2014 WL 1671489 at *1 (S.D. Cal. Apr. 28, 2014)). There must be "some doubt…that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims." *Id* (quoting *Collins v. Sanderson Farms*, 568 F.Supp.2d 714, 719-20 (E.D. La. 2008).

After a district court is satisfied that a bona fide dispute exists, it must then determine whether the settlement is fair and reasonable. *Id*. When determining whether a settlement is fair and reasonable under the FLSA, the Court should consider: (1) the plaintiff's range

---

[1] Plaintiffs refers to individual Plaintiff Sabrina Banks and Opt-In Plaintiffs Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding.

of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *Id.* at 1173. If after considering these factors the court determines that "the settlement reflects a reasonable compromise over issues that are actually in dispute," then "the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id* (quoting *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012).

### III. Analysis

This settlement reflects a reasonable compromise in relation to a bona fide dispute under the FLSA. A bona fide dispute exists as to whether Defendant properly compensated Plaintiffs for all hours worked and at the correct rates. Plaintiffs allege they were instructed to under record their hours and were only compensated for hours recorded, but not all hours actually worked. Defendant maintains that Plaintiffs recorded their own hours, those recorded hours accurately reflect the hours worked, and that Defendant properly compensated Plaintiffs for the hours recorded.

At all times during the litigation and settlement of this action, Plaintiffs were represented by experienced counsel and reached agreement only after substantial and informed negotiation. Each Plaintiff reviewed with counsel in detail pay rates, weeks worked, and the nature and circumstances of the unrecorded hours worked. Plaintiff's counsel investigated Defendant's wage and hour policies, practices, procedures, and timekeeping and compensation records. Based upon this review and analysis of Defendant's records, and in consideration of the time limitations placed upon the recovery period, a reasonable estimate of the value of each Plaintiff's claim was formulated. Beginning with those estimates and considering the strengths and weaknesses of the underlying claims, the Parties negotiated a total recovery amount of $81,000. (See Settlement Agreement attached as Exhibit 1).

### A. Plaintiffs' Awards

Plaintiff Banks will receive $12,480 for allegedly unpaid compensation and $12,480 in liquidated damages. The total amount payable to Banks is $24,960. Banks estimated working 12 unrecorded hours per week for Defendant during the applicable recovery period.

Plaintiff Soogrim-Belvey will receive $2,860 for allegedly unpaid compensation and $2,860 in liquidated damages. The total amount paid to Soogrim-Belvey is $5,720. Soogrim-Belvey estimated working 10 unrecorded hours per week for Defendant during the applicable recovery period.

Plaintiff Wooding will receive $10,660 for allegedly unpaid compensation and $10,660 in liquidated damages. The total amount paid to Wooding is $21,320. Wooding estimated working 15 unrecorded hours per week for Defendant during the applicable recovery period.

Defendant maintained Plaintiffs' estimates were inaccurate and there was not a willful violation of the FLSA limiting the settlement recovery period. Other than their weekly estimates of unrecorded time worked, Plaintiffs had no independent, contemporaneous recording of time allegedly worked. The Parties believe this settlement amount reflects a fair and reasonable resolution of the dispute.

Plaintiff Votraw will receive $500 for allegedly unpaid compensation and $500 in liquidated damages. The total amount paid to Votraw is $1,000. The Parties believe this settlement amount reflects a fair and reasonable resolution of this dispute. Votraw estimates he worked 5-10 unrecorded and uncompensated hours per week for Defendant. The sum Votraw will receive pursuant to the Settlement Agreement would exceed Defendant's calculation of its exposure even if Votraw's claims were assumed to be true because Defendant calculated that his claims were time barred and he was entitled to no recovery.

### B. Attorneys' Fees and Costs

Under the Settlement Agreement, Plaintiffs' Counsel receive $28,000 in attorneys' fees and costs. The case was overseen by Kevin J. Dolley, who is the Managing Principal of the Law Offices of Kevin J. Dolley, LLC. Mr. Dolley's practice experience is extensive and focuses on representation of clients in FLSA collective actions and wage and hour class litigation, overtime and minimum wage nationwide.

Mr. Dolley bills at a rate of $450, which is reasonable given his wage and hour specialty and experience. Senior Associate Attorneys Mark Obermeyer and James Keaney, who performed some work on the case, bill at $175, and Associate Attorneys Jason Finkes and Andrew Andereck bill at a rate of $150 per hour. Plaintiffs' counsel spent close to 200.00 hours working on this case. All hourly rates of the attorneys involved in this case are reasonable for lodestar purposes. *See Seguin v. County of Tulare*, 2018 WL 1919823 at *6 (E.D. Cal. April 24, 2018) (This court has previously accepted as reasonable for lodestar purposes hourly rates of between $370 and $495 for associates, and between $545 and $695 for senior counsel and partners); *See also Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13–cv–00474–DAD– BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017).

Plaintiffs' counsel incurred reasonable out-of-pocket costs in prosecuting the litigation, totaling costs in the amount of $681.00:

Filing Fee: $400.00
Service of Complaint: $75.00
*Pro hac vice* fee for Attorney Kevin Dolley: $206.00

Plaintiffs' counsel began representing Plaintiffs when they filed their Opt-In Notices to the original *Getchman* lawsuit. Plaintiffs' counsel does not include any fees incurred on

behalf of Plaintiffs during the *Getchman* litigation, although some amount of those fees would arguably be recoverable in this action. *See* 29 U.S.C. § 216 (allowing reasonable attorneys' fees to be paid).

Plaintiffs' Counsel has extensive background knowledge of Plaintiffs' claims dating back to the *Getchman* lawsuit in 2016. Plaintiffs' Counsel accepted the case on a contingency basis, whereby it took the risk of incurring unpaid legal fees and costs if the litigation was not successful. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (the Court may look to the contingency nature of the FLSA attorneys' fee and the carrying costs counsel faces). The reputation, experience, and specialty of Plaintiffs' Counsel in wage and hour cases also supports the reasonableness of the sum Plaintiffs' Counsel will receive for its costs and fees. Moreover, Plaintiffs' Counsel was able to efficiently handle the case by staffing associate attorneys on tasks that were so delegable. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1306 (S.D. Fla. 2008) *aff'd*, 307 F. App'x 349 (11th Cir. 2009) (unpublished). Therefore, the contingency nature and the lodestar factors support that Plaintiffs' attorneys' fees amount is reasonable.

The Parties voluntarily agreed to the terms of their settlement during negotiations. The Parties were advised and represented by counsel throughout the litigation and settlement process. Based on the considerations herein, the totality of the circumstances demonstrate the proposed Settlement Agreement is fair and reasonable.

## IV.     CONCLUSION

The Parties jointly and respectfully request this Court approve the Settlement Agreement and dismiss this action with prejudice.

Dated: January 4, 2019              LAW OFFICES OF KEVIN J. DOLLEY, LLC

                                                              /s/ *Kevin J. Dolley*

                                    Kevin J. Dolley, *Pro Hac Vice*
                                    Attorney for Plaintiff
                                    SABRINA M. BANKS and those similarly situated

Dated: January 4, 2019              THE LAW OFFICE OF JACK FITZGERALD, PC

                                                              /s/ *Jack Fitzgerald*

                                    Jack Fitzgerald (#257370)
                                    Attorney for Plaintiff
                                    SABRINA M. BANKS and those similarly situated

Dated: January 4, 2019              FISHER & PHILLIPS LLP

                                                              /s/ *Samantha J. Monsees*

                                    Danielle Hultenius Moore (#232480)
                                    Patrice C. Nagel (#249218)
                                    J. Randall Coffey, *Pro Hac Vice*
                                    Samantha J. Monsees, *Pro Hac Vice*
                                    Attorneys for Defendant
                                    Pyramid Consulting, Inc.