# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA M. BANKS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PYRAMID CONSULTING, INC.,<br><br>Defendant. | Case No.: 3:18-cv-00078-H-JLB<br><br>**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**<br><br>[Doc. No. 51] |

On January 7, 2019, Plaintiff Sabrina Banks and Opt-In Plaintiffs Lystra Soogrim-Belvey, Julian Votraw, and Randy Wooding. (collectively, "Plaintiffs") and Defendant Pyramid Consulting, Inc. ("Defendant") filed a joint motion for approval of a settlement agreement. (Doc. No. 51.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument and submits the motion on the papers. For the reasons discussed below, the Court grants the motion for approval of the settlement.

## **BACKGROUND**

On January 12, 2018, Plaintiffs filed a complaint alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages. (Doc. No. 1.)

Defendant is a Georgia corporation that provides "Information Technology Staffing and Enterprise Solutions" to businesses, including telecommunications companies. (Id. ¶¶ 4, 11.) Defendant provides its telecommunications clients with individuals to perform non-exempt work at hourly rates, with Defendant conducting payroll, timekeeping, and recordkeeping functions. (Id. ¶ 11.) Each Plaintiff was employed by Defendant as a Consultant with an hourly rate of pay. (Id. ¶ 7.) Plaintiffs allege that, in order to secure business from telecommunications clients, Defendant "routinely and frequently" under-billed its telecommunications clients for the hours that Plaintiffs worked. (Id. ¶ 12.) Plaintiffs further allege that Defendant "discouraged recording of overtime or accurate tracking of hours worked, and/or turned a blind eye to the falsification and underreporting of Consultant hours worked." (Id.) Moreover, Plaintiffs allege that Defendant calculated overtime compensation using the Consultant's regular rate of pay, excluding remuneration for employment labeled as "per diem" that did not qualify for an FLSA exemption. (Id. ¶¶ 13, 49.) Thus, Plaintiffs allege that Defendant failed to pay overtime compensation at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 per work week, and failed to keep accurate records of all wages paid and adjustments to those wages. (Id. ¶¶ 66–67.)

Plaintiffs to this case previously opted-in to a similar suit filed on July 22, 2016 against Defendant in the U.S. District Court for the Eastern District of Missouri, Getchman v. Pyramid Consulting, Inc., Case No. 4:16-CV-1208-CDP ("Getchman"). (Doc. No. 1 ¶ 43.) Getchman was a conditionally certified collective action alleging that Defendant violated the FLSA by failing to pay its Consultants statutorily required overtime compensation. (Doc. No. 29 at 4.) On November 6, 2017, Plaintiff Getchman moved to partially decertify and/or dismiss without prejudice certain opt-in plaintiffs, including the Plaintiffs in this case. (Id.) On December 8, 2017, the district court granted Plaintiff Getchman's motion and dismissed those individuals without prejudice. (Id.)

On January 12, 2018, Plaintiff Banks initiated this putative class action. (Doc. No. 1.) On April 25, 2018, Plaintiff provided collective-action consent forms for herself and

six opt-in plaintiffs who were also allegedly Consultants employed by Defendant at hourly rates of pay. (Id. ¶ 9; Doc. No. 5-1.) On July 25, 2018, this Court dismissed Plaintiff's FLSA claims that accrued outside of the applicable statute of limitations and dismissed three of the opt-in plaintiffs. (Doc. No. 29.) The Court held that Plaintiffs Banks, Soogrim-Belvey, Votraw, and Wooding could proceed with their FLSA claims that accrued from April 25, 2015 forward. (Id. at 9.) Without moving for certification of a class or collective action, Plaintiffs entered into settlement negotiations with Defendant, and on January 7, 2019, the parties filed a joint motion for approval of settlement. (Doc. No. 51.)

Pursuant to the parties' settlement agreement (the "Settlement Agreement"), Defendant will pay a total of $81,000 (the "Settlement Fund") in exchange for Plaintiffs' release and waiver of "any and all claims, counts, causes of action and demands of every kind and nature against [Defendant] and/or its predecessors, successors, assigns, parents, subsidiaries, joint ventures, or affiliated entities, and/or the shareholders, directors, officers, managers, partners, employees, and insurers ("Released Parties") existing as of the date of this Agreement raised in or related to the Lawsuit or arising out of the same facts alleged in the Lawsuit." (Doc. No. 53 ¶ 4.) The total settlement amount is allocated as follows: $26,500 for unpaid overtime compensation; $26,500 in liquidated damages; and $28,000 in attorneys' fees and costs. (Id. ¶ 2.) Each Plaintiff will receive the following total for his or her respective unpaid overtime compensation:

| Plaintiff | Settlement Amount |
|---|---|
| Sabrina Banks | $12,480 |
| Lystra Soogrim-Belvey | $2,860 |
| Randy Wooding | $10,660 |
| Julian Votraw | $500 |

(Id.)

Furthermore, the $26,500 in liquidated damages will be distributed to each Plaintiff in an amount proportional to his or her unpaid overtime compensation, set forth above.

(Id.) As for attorneys' fees, the Law Offices of Kevin J. Dolley, LLC will receive $28,000 for attorneys' fees and costs. (Id. ¶ 2(e).)

## **LEGAL STANDARDS**

Under the FLSA, an employer who violates § 207 by failing to pay at least one and one-half times an employee's regular rate of pay for hours worked in excess of 40 hours per week is liable to the affected employee for the amount of unpaid overtime compensation, as well as for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Although employees' rights under the FLSA are nonwaivable, an FLSA claim may nonetheless be settled if the settlement is approved by the Secretary of Labor or by a district court. Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (citing Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982)); McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012) (same).

The Ninth Circuit has not enumerated criteria that district courts should consider when determining whether an FLSA settlement warrants approval, but district courts in this Circuit have regularly followed the Eleventh Circuit's holding in Lynn's Food Stores when ruling on motions for FLSA settlement approval. See Dunn v. Teachers Ins. & Annuity Assoc., No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). In Lynn's Food Stores, the Eleventh Circuit held that, when reviewing an FLSA settlement, the district court must determine whether the proposed settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. A "bona fide dispute" exists "when there are legitimate questions about the existence and extent of Defendant's FLSA liability"—"[t]here must be some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims," because otherwise the settlement would permit the employer to avoid the full cost of FLSA compliance. Selk, 159 F. Supp. 3d at 1172 (internal quotation marks and citations omitted).

In addition to determining whether a bona fide dispute exists in the case, the district court must also determine whether the settlement is fair and reasonable based on the totality

of the circumstances. Id. at 1173. More specifically, the court assesses fairness and reasonableness by considering factors such as "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." Id.

# DISCUSSION

## I. Bona Fide Dispute

The central issue in this case—whether Defendants properly compensated Plaintiffs for all hours worked and at the correct rates—constitutes a bona fide dispute over FLSA provisions. Plaintiffs contend that Defendant instructed Plaintiffs to under-record their hours worked for Defendant's clients and then only paid Plaintiffs for the hours they recorded, rather than total hours actually worked. (Doc. No. 51 at 3.) But, Defendant maintains that Plaintiffs recorded their own hours, the hours recorded accurately reflect the hours worked, and thus, Defendant properly compensated Plaintiffs for the hours worked. (Id.) Accordingly, there are legitimate questions about the existence and extent of Defendant's FLSA liability, and therefore, the Court concludes that there is a bona fide dispute. See Selk, 159 F. Supp. 3d at 1172.

## II. Fair and Reasonable Resolution

The Court next considers whether the parties' proposed settlement is fair and reasonable under the FLSA by evaluating the Selk factors. See 159 F. Supp. 3d at 1173. First, the Court finds that the proposed settlement amount bears a reasonable relationship to Plaintiffs' range of possible recovery. See id. at 1174. Each Plaintiff, along with counsel, reviewed in detail the pay rates, weeks worked, and nature and circumstances of the unrecorded hours worked. (Doc. No. 51 at 3.) Plaintiffs' counsel was then able to make a reasonable estimate of each Plaintiff's claim based on investigation of Defendant's wage and hours policies, practices, procedures, and timekeeping, and Defendant's compensation records. (Id.) Plaintiffs' complaint alleges the employment dates for each of the Plaintiffs.

(Doc. No. 1 ¶ 9.) Each Plaintiff's estimated unrecorded hours per week are as follows: 12 hours per week for Plaintiff Banks; 10 hours per week for Plaintiff Soogrim-Belvey; 5 to 10 hours per week for Plaintiff Votraw; and 15 hours per week for Plaintiff Wooding. (Doc. No. 51 at 4.) Based on such estimates, and considering strengths and weaknesses of Plaintiffs' claims, the parties negotiated a total settlement amount of $81,000. (Id.) The Court concludes this factor weighs in favor of FLSA settlement approval.

Second, the Court evaluates the stage of proceedings and amount of discovery completed in order "to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement." Selk, 159 F. Supp. 3d at 1177. The parties have litigated this case for nearly a year. At all stages of litigation and settlement, Plaintiffs were represented by experienced counsel. (Doc. No. 51 at 3, 6.) The parties crafted their Settlement Agreement through substantial and informed negotiation. (Id.) And as detailed above, Defendant produced payroll and time records pertaining to each Plaintiff, which the parties utilized to calculate damages. (Id. at 3.) The Court therefore determines that the parties have sufficient information to make an informed settlement decision. See Selk, 159 F. Supp. 3d at 1177 (citation omitted).

The Court similarly finds that the serious risks of ongoing litigation, as well as the views of counsel and participating plaintiffs, favor approval of the Settlement Agreement. The parties dispute key issues in this case and have weighed the likelihood of prevailing on the merits of their respective claims and defenses. (Doc. No. 51 at 4.) The settlement terms, the parties conclude, signify a fair compromise of the Plaintiffs' claims. Indeed, after having the opportunity to review the settlement, including the proposed award of attorneys' fees and costs, each Plaintiff executed a waiver and release of liability as part of the Settlement Agreement. (Doc. No. 53 ¶¶ 5, 14.) No Plaintiff has objected to the settlement terms, (see id.), and the Court finds no evidence that the settlement resulted from, or was influenced by, fraud or collusion. These considerations weigh in favor of the Court approving the Settlement Agreement.

///

Finally, the Court considers the scope of the Settlement Agreement's release provision. An FLSA release "should not go beyond the specific FLSA claims at issue in the lawsuit itself." Slezak v. City of Palo Alto, No. 16-CV-03224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017). Here, the Court is satisfied that the release is not overbroad. Under the proposed settlement, Plaintiffs release all claims "existing at the date of this Agreement raised in or related to the Lawsuit or arising out of the same facts alleged in the Lawsuit." (Doc. No. 53 ¶ 4.) This sufficiently narrows the release provision's scope to cover claims relating to this suit. Thus, this factor favors approval of the FLSA settlement.

In conclusion, having carefully considered the totality of the circumstances, the Court concludes that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute regarding FLSA liability. See Lynn's Food Stores, 679 F.2d at 1355.

### III. Attorneys' Fees and Costs

The Court also evaluates the reasonableness of the proposed settlement's attorneys' fees provision. Selk, 159 F. Supp. 3d at 1180; see 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, Plaintiffs' counsel would receive $28,000 from the Settlement Fund for fees and costs. (Doc. No. 53 ¶ 2(e).) To determine reasonableness, the Court may use either the lodestar method or percentage-of-recovery method. Slezak, 2017 WL 2688224, at *5. When an award of attorneys' fees and costs is separate from a common fund, "attorneys' fees under the FLSA are determined using the lodestar method." Kerzich v. Cty. of Tuolumne, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018). Using the lodestar method, a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgepoint Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). A lodestar figure is presumptively reasonable, but "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

///

Plaintiffs' counsel incurred costs of $681, which includes the $400 filing fee, $75 for service of the complaint, and $206 as pro hac vice fee for Attorney Kevin J. Dolley. (Doc. No. 51 at 5.) The Court concludes that such costs are reasonable. When the litigation costs are subtracted from the total award, the remaining $27,319 is attributable to attorneys' fees.

Regarding reasonable hours expended, Plaintiffs' counsel states that they worked in total approximately 200 hours on this case. (Id.) "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The Court concludes that the amount of hours expended by Plaintiffs' counsel is reasonable, considering that the parties have litigated this matter for a year, Plaintiffs' counsel engaged in extensive investigation, and the parties conducted significant settlement negotiations.

The hourly billable rates for the attorneys who worked on Plaintiffs' case are as follows: $450 per hour for Managing Principal Attorney Kevin J. Dolley; $175 per hour for Senior Associate Attorneys Mark Obermeyer and James Keaney; and $150 per hour for Associate Attorneys Jason Finkes and Andrew Andereck. (Doc. No. 51 at 5.) Given Plaintiffs' counsel's reputation and extensive experience in wage and hour cases, and the Court's knowledge and experience of customary rates, the Court determines that the Plaintiffs' counsel's billable rates are reasonable. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011); Roberts v. City of Chula Vista, No. 16CV1955-MMA (DHB), 2017 WL 6541105, at *7 (S.D. Cal. Dec. 21, 2017).

Accordingly, the Court concludes that the requested attorneys' fees and costs in this case are within the range of reasonableness and may properly be awarded to Plaintiffs' counsel.

///

///

///

## CONCLUSION

For the reasons discussed above, the Court grants the parties' joint motion for approval of settlement. (Doc. No. 51.) The Court also approves an award of $28,000 in attorneys' fees and costs to Plaintiffs' counsel, Law Offices of Kevin J. Dolley, LLC, as contemplated in the parties' Settlement Agreement. In their joint motion for settlement approval, the parties also jointly move to dismiss this action with prejudice contingent on settlement approval. (Doc. No. 51 at 7.) Accordingly, the Court dismisses this action with prejudice. The Court retains jurisdiction over this matter for purposes of enforcing the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: January 28, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT